UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodney Williams,                                    Civil No. 06-2580 (JRT/FLN)

    Plaintiff,

v.                                                  **REPORT AND**
                                                    **RECOMMENDATION**
Central Roofing Company,

    Defendant.

---

No appearance made by Plaintiff, who is *pro se*.
H. Le Phan, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 14, 2007, on Defendant's motion to compel discovery [#34]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's amended complaint be dismissed.

### I.   FINDINGS OF FACT

On December 29, 2006, Defendant served Plaintiff with Interrogatories, a Request for Production of Documents, a Request for Production of Medical Authorizations, and a Request for Production of Employment Authorizations (hereinafter referred to as "discovery requests"). (Affidavit of H. Le Phan (hereinafter referred to as "Phan Aff.") ¶ 2, Docket Number 37.) Plaintiff failed to respond to these discovery requests. (Phan Aff. ¶ 3.) On February 7, 2007, Defendant's counsel sent Plaintiff a letter requesting responses to the discovery requests. (Phan Aff. ¶ 3.) Plaintiff did not respond to this letter. (Phan Aff. ¶ 3.) On February 14, 2007, Defendant's counsel sent Plaintiff a letter requesting responses to the discovery requests. (Phan Aff. ¶ 4.) Plaintiff did not respond to this letter. (Phan Aff. ¶ 5.) In March 2007 Defendant's counsel became aware that

Plaintiff had moved, and Defendant's counsel sent Plaintiff a copy of the discovery requests to Plaintiff's new address on March 7, 2007. (Phan Aff. ¶ 6.) Plaintiff did not respond to these requests within 30 days. (Phan Aff. ¶7.) On April 25, 2007, Defendant's counsel wrote to Plaintiff requesting full and complete responses by noon on April 30, 2007. (Phan Aff. ¶ 8.) Plaintiff failed to respond to the discovery requests by noon on April 30, 2007.

On April 30, 2007, Defendant filed a motion to compel discovery. (Docket Number 34.) On April 30, 2007, Defendant's counsel filed a certificate of service, stating that Plaintiff was served with the motion papers, and a notice of motion, via hand delivery. (Docket Number 38.) On May 14, 2007, Defendant's motion to compel discovery came before this Court for a hearing at 11:30 a.m. Plaintiff did not appear at this hearing. On May 14, 2007, this Court issued an Order granting Defendant's motion to compel and ordered Plaintiff to pay the attorneys' fees incurred by Defendant in bringing Defendant's motion. (Docket Number 41.) The Court ordered Plaintiff to pay Defendant attorney fees in the amount of $700.00.

In its Order dated May 14, 2007, the Court stated that

> [u]pon the filing of an Affidavit by Defendant's Counsel to the effect that Plaintiff has failed to comply with any portion of this Order, including the payment of $700.00 to its counsel, Plaintiff's Amended Complaint shall be dismissed, pursuant to Rules 37 (4)(b)(2)(C)[1] and 41 (b) of the Federal Rules of Civil Procedure, in favor of Defendant.

(Docket Number 41 at 1-2.) On May 14, 2007, Defendant mailed Plaintiff a copy of this Court's Order. (Docket Number 44.) On May 15, 2007, Defendant filed the affidavit of Shane Peterson, who stated that on May 14, 2007, at 6:14 p.m. he served the May 14, 2007, Order personally to Plaintiff's listed address "by handing to and leaving with Jane Doe, adult female occupant who

---

[1] This cite was a typographical error, and should read "37(b)(2)(C)."

refused to provide her true and correct name, a person of suitable age and discretion, then and there residing at the usual abode of said Rodney A. Williams." (Docket Number 45.) On May 25, 2007, Defendant's attorney filed an affidavit stating that Plaintiff has failed to comply with any portion of this Court's May 14, 2007, Order. (Docket Number 46.)

## II.   LEGAL ANALYSIS

Federal Rule of Civil Procedure Rule 37(b)(2)(C) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make . . . [a]n order . . . dismissing the action or proceeding." FED. R. CIV. P. 37(b)(2)(C). Federal Rule of Civil Procedure 41(b) states that "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action . . . a dismissal under this subdivision . . . operates as an adjudication upon the merits." FED. R. CIV. P. 41(b).

In the present case Plaintiff has failed to comply with this Court's May 14, 2007, Order. This Court notified Plaintiff that failure to comply with the Court's May 14, 2007, Order would result in a dismissal of Plaintiff's case with prejudice. Plaintiff was served with both the notice of the May 14, 2007, hearing and the May 14, 2007, Order. Plaintiff failed to appear at the hearing and has failed to comply with the May 14, 2007, Order. Defendant's counsel has submitted an affidavit notifying the Court that Plaintiff has failed to comply with this Court's May 14, 2007, Order. Therefore, this Court recommends that, pursuant to FED. R. CIV. P. 37(b)(2)(C) and 41(b), that Plaintiff's Amended Complaint be dismissed with prejudice.

## III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.

DATED: June 4, 2007                                   s/ *Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.